UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CR-00297-RLW |
| KENNETH ROBERT SIMPSON, | ) |
| Defendant. | ) |

## UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nathan L. Chapman, Assistant United States Attorney for said District, and hereby files its sentencing memorandum. For reasons outlined below, the Government requests a sentence of 18 months, to run consecutively to a sentence of 12 months in 4:10-CR-00169-RLW.

## FACTUAL AND PROCEDURAL HISTORY

On March 18, 2010, the defendant was indicted on one count of receipt of child pornography and one count of possession of child pornography (4:10-CR-00169-RLW). On May 12, 2011, pursuant to a written plea agreement, the defendant was sentenced to 60 months imprisonment for one count of receipt of child pornography. Upon release from imprisonment, The Honorable Rodney W. Sippel ordered that the defendant be on supervised release for a term of life. The defendant's term of supervised release came with several mandatory, standard, and special conditions of supervision.

1

**I.    Proceedings Related to Simpson's *First* Violation of his Term of Supervised Release.**

On September 18, 2015, the U.S. Probation Office filed a "Petition for Warrant or Summons for Offender Under Supervision" (Petition #1). (Doc. #96).    According to Petition #1, the defendant began his first term of supervised release on September 17, 2015.    The defendant was to reside at a Residential Re-Entry Center (RRC) upon release from custody.    As explained in Petition #1:

> "In order for Simpson to be released from the jail he has to register as a sex offender.    The probation officer gave Simpson the directive to register as a sex offender and that will allow him to then be released to the RRC.    Simpson advised the probation officer on September 17, 2015, that he would not register as a sex offender." (Doc #96, p. 1).

On December 9, 2015, Judge Sippel held a supervised release revocation hearing on Petition #1.    At the hearing, the defendant admitted to violating Standard Condition #3, "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." (Doc. #113).    The defendant was sentenced to 12 months imprisonment, followed by a period of supervised release for a term of life.

**II.    Proceedings Related to Simpson's *Second* Violation of his Term of Supervised Release.**

On October 6, 2016, the U.S. Probation Office filed a "Petition for Warrant or Summons for Offender Under Supervision" (Petition #2). (Doc. #131).    According to Petition #2, the defendant began his second term of supervised release on September 16, 2016.    As with his first period of supervised release, the defendant was to reside at an RRC upon release from custody. As explained in Petition #2:

> "Upon his arrival to the residential re-entry center on September 16, 2016, the probation officer gave Simpson the directive to register as a sex offender per the federal and state law as well as his conditions of supervision.    Simpson advised the probation officer on September 16, 2016, that he would not register as a sex offender." (Doc. #131, p. 1-2).
> "On September 26, 2016, the undersigned officer made contact with Simpson at the residential re-entry center and questioned him regarding his refusal to register as a sex

offender per federal and state law and his conditions of supervision. Simpson stated he refuses to register as a sex offender as he believes the sex offender registry is unconstitutional and he will also be challenging his conviction." *Id.*

On November 21, 2016, Judge Sippel held a supervised release revocation hearing on Petition #2. Following an evidentiary hearing, Judge Sippel found that the defendant had violated: 1) General Condition – The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer; 2) General Condition – The defendant shall not commit another federal, state, or local crime; and 3) Special Condition #3 – The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. (Doc. #144). The defendant was sentenced to 18 months imprisonment, followed by a period of supervised release for a term of life.

### III. Proceedings Related to Simpson's *Third* Violation of his Term of Supervised Release.

On January 24, 2018, the U.S. Probation Office filed a "Petition for Warrant or Summons for Offender Under Supervision" (Petition #3). (Doc. #162). According to Petition #3, the defendant began his third term of supervised release on January 23, 2018. The defendant was to report to an RRC in Farmington, MO. As explained in Petition #3:

> "According to the RRC, Simpson did not show up on January 23, 2018. This officer confirmed with Simpson's case manager at the Bureau of Prisons that Simpson was released from the facility in Springfield, MO. Bureau of Prisons confirmed that Simpson was given $240.00 to take the Greyhound Bus from Springfield, Mo to St. Louis at 7:35 a.m. and arrive in St. Louis at 11:59 a.m. From there Simpson was supposed to take a taxi to the RRC. This officer confirmed with Greyhound Bus lines that Simpson was on the bus from Springfield to St. Louis, however, Simpson failed to arrive at the RRC on January 23, 2018." (Doc. #162, p. 1-2).

On March 28, 2018, Judge Sippel held a supervised release revocation hearing on Petition #3. At the hearing, the defendant admitted to violating Standard Condition #2, "The defendant

shall report to the probation officer in a manner and frequency directed by the Court of probation officer," and Special Condition #1, "the defendant shall reside in and participate in a residential Reentry Center approved by the probation office, but not longer than 120 days." (Doc. #179). The defendant was sentenced to 24 months imprisonment, followed by a period of supervised release for a term of life.

IV. **Proceedings Related to Simpson's *Fourth* Violation of his Term of Supervised Release.**

On November 14, 2019, the U.S. Probation Office filed a "petition for Warrant or Summons for Offender Under Supervision" (Petition #4). (Doc. #203). According to Petition #4, the defendant began his fourth term of supervised release on November 7, 2019. The defendant was to report to an RRC in Farmington, MO. As explained in Petition #4:

> "According to the RRC staff, Simpson failed to report as directed upon his release on November 7, 2019. The undersigned officer confirmed with Simpson's case manager that Simpson released from the institution. Simpson was provided release plans which included departing the institution at 6:00 AM to the Greyhound bus station. Simpson was then scheduled to take the Greyhound bus, departing the Springfield stop at 7:25 AM to St. Louis, Missouri. From there, Simpson was expected to take a taxi from St. Louis to the Southeast Missouri Residential Reentry Center in Farmington, Missouri." (Doc. #203, p. 2).

Petition #4 also noted that on September 19, 2019, the defendant refused to sign his release plans. *Id.* On October 1, 2019, the defendant's probation officer was advised of the defendant's refusal to interact with case management staff and the increased negative attitude Simpson displayed during this term of incarceration. *Id.* After the filing of Petition #4, the defendant was declared an absconder and a warrant was issued for his arrest.

In December of 2019, Deputy United States Marshal (DUSM) Kelsey Snyder, with the United States Marshals Service (USMS) began investigating the whereabouts of the defendant.

4

Between the opening of the investigation and May of 2023, DUSM Snyder conducted regular record checks for the defendant. During that time, DUSM Snyder confirmed that the defendant had not registered as a sex offender in the State of Missouri.

On May 15, 2023, DUSM Snyder obtained a possible address for the defendant at 3444 Keokuk Street, St. Louis, MO 63118. On May 16, 2023, members of the Eastern Missouri USMS Task Force responded to 3444 Keokuk Street to attempt contact with the defendant. After announcing their presence, the USMS identified the defendant when he opened the front door. The defendant was ordered to exit the residence when he immediately dropped his head and put his hand in his right pocket. After being issued commands to take his hand out of his pocket, the defendant removed his hand and was holding a cellular phone. The defendant was ordered to drop the phone and was arrested without further incident. The defendant's phone was identified as an Apple iPhone Model A1660 and was turned over to U.S. Probation.

On June 7, 2023, the defendant was indicted on one count of failure to register as a sex offender, case number 4:23-CR-00297-RLW-RHH (hereinafter "pending case" or "failure to register case"). On June 8, 2023, the defendant's supervised release revocation hearing in 4:10-CR-00169-RLW (hereinafter "supervised release case") was ordered vacated, to be reset at the time of the disposition of the defendant's pending case. The defendant's pending case went to jury trial on April 22, 2024, where he was found guilty of failure to register as a sex offender. Both of the defendant's cases are set for final disposition on July 22, 2024.

## ARGUMENT

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v.*

*Booker*, 543 U.S. 220 (2005). The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history. Second, the Court should determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 403 F.3d at 1002-1003.

**Title 18, United States Code, Section 3553(a) factors**

Title 18, United States Code, Section 3553(a) lists the following relevant factors for the Court to consider in determining a sentence:

   1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   2) the need for the sentence imposed --
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   3) the kinds of sentences available;

   4) the kinds of sentences and the sentencing range established for –
   (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . .

   5) any pertinent policy statement –

   (A) issued by the Sentencing Commission . . .

   6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

The application of these factors in this case supports a total sentence of 30 months and the

Government highlights some of the pertinent factors in this memorandum.

**(A) The nature and circumstances of the offense and the nature and characteristics of the defendant**

The Court must first consider the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant was first convicted of receipt of child pornography in 2011. Once released, the defendant had three terms of supervised release revoked for failing to register as a sex offender. Upon release for his fourth term of supervised release, the defendant absconded for over two years.

**(B) A total sentence of 30 months is sufficient to achieve the statutory sentencing objectives contained in Section 3553(a)(2)**

As stated above, in fashioning a sentence, this Court is obliged to consider the statutory objectives of sentencing as enumerated in Section 3553(a)(2). Those objectives include:

the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

The United States notes that the defendant's long history of failing to register as a sex offender, and absconding on a third term of supervised release, warrant a sentence at the top of the guidelines in both cases. In support of the Government's request that the defendant's sentences be imposed consecutively, "[p]ursuant to Application Note 4(C) of [USSG §5G1.3(d)], the United

States Sentencing Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation in order to achieve an incremental punishment for both the instant offense and the violation of supervised release." (Final Presentence Investigation Report, Doc. #152, p. 12).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose consecutive sentences of 18 months in 4:23-CR-00297-RLW, and 12 months in 4:10-CR-00169-RLW.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Nathan L. Chapman*
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
Nathan.Chapman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, the foregoing motion was electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

s/ *Nathan L. Chapman*
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney